# Franks Oil Company *versus* McCleary.

1. The Act of July 1863 (for incorporating Mining Companies) does not make a transferee of stock personally liable to pay assessments.

2. No implication of a personal promise of the transferee to pay assessments arises.

3. The company can indemnify themselves only by a sale of the stock and pursuit of the original subscriber.

4. From the voluntary payment of one assessment by the transferee, a promise to pay others cannot be inferred.

5. Canal Co. *v.* Sansom, 1 Binney 70; Palmer *v.* Ridge Mining Co., 10 Casey 288; Merrimac Mining Co. *v.* Levy, 4 P. F. Smith 227; remarked on.

November 16th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county*: No. 220, to October and November Term 1869.

This was an action of assumpsit, brought May 22d 1867, by the Franks Oil Company against William McCleary, to recover the sum of $125 assessments on stock in the plaintiffs' company for which it was alleged the defendant was liable.

In December 1864, a joint stock association was formed under the name of the Franks Oil Company: the capital being divided into shares of $100 each. H. T. Jaco subscribed for five shares, on which he paid an assessment of $12.50 each. On the 8th of April 1865, the directors made another assessment of $25 per share. On the 20th of May 1865, Jaco transferred two of his shares to the defendant, who paid the assessment of $25 on each of the two shares. On the 9th of June 1865, another assessment of $25 was made by the directors, and on the 11th of September a fourth assessment of $37.50 was made. On the 19th of September the defendant transferred his two shares to Philip Field. On the 30th of April 1866, the plaintiffs were incorporated under the General Act of July 18th 1863, Pamph. L. (of 1864), p. 1102. Section 17 of the act provided that if the proprietor of any share neglected to pay an assessment for thirty days after it is payable, the treasurer might sell by auction a sufficient number of shares to pay all the assessments due, with the necessary charges thereon, &c.

This suit was brought to recover the last two assessments on two shares amounting in the whole to $125.

The plaintiffs asked the court to charge, that all the assessments

[Franks Oil Co. *v.* McCleary.]

on the McCleary stock being due and payable before the transfer to Fields, McCleary is liable; and further, that the payment by McCleary of the assessment of April 8th 1865, is an acknowledgment that he took the stock subject to unpaid calls.

The court (Gilmore, P. J.) charged: "We have no articles of association given in evidence in this case; we know nothing of the design, object or government of the association prior to its incorporation. They carried on for some years before they were incorporated. All the stock was subscribed; this transfer from Jaco to McCleary, and from McCleary to Fields, was made before the incorporation, which was on the 30th of April 1866. If you are satisfied that McCleary transferred his stock to Fields before the act of incorporation he was never a corporator, and not liable in this action. Again, if he is a member of the incorporation he was such member by transfer of stock, and not personally liable and could not be sued for the instalments unpaid. This is in answer to defendant's first and second points, and renders it unnecessary to give you any further instructions. In answer to plaintiffs' point, we say, that if we are correct in holding that defendant is not liable, any instruction on this point could have no bearing upon the case."

The verdict was for the defendant. On the removal of the case to the Supreme Court, the plaintiffs assigned the following errors:—

The court erred :—

1. In charging "If you are satisfied that McCleary transferred his stock to Fields before the act of incorporation, he was never a corporator and not liable in this action.

2. "If he is a member of the incorporation, he was such member by transfer of stock and not personally liable, and could not be sued for the instalments unpaid.

3. "In not affirming plaintiff's point."

*E. Campbell,* for plaintiffs in error.—The original subscriber was liable, and his transferee is substituted to his liabilities: Merrimac Mining Co. *v.* Levy, 4 P. F. Smith 227; Angell & Ames on Corp. § 534; Highland Turnpike Co. *v.* McKean, 11 Johns.; Dutchess Cotton Man. Co. *v.* Davis, 14 Id. 238; Speer *v.* Crawford, 14 Wend. 20; Troy Turnpike & Railroad *v.* McChesney, 21 Id. 296; Birmingham, B. & T. Railroad *v.* Lock, 1 Q. B. 256; Harlem Canal Co. *v.* Seixas, 2 Hall 504; Small *v.* Herkimer Man. Co., 2 Comst. 330; Worcester Turnpike Co. *v.* Willard, 5 Mass. 80.

*T. B. Searight,* for defendant in error.

The opinion of the court was delivered, January 3d 1870 by

THOMPSON, C. J.—There is nothing in the Act of the 18th of July 1863, under which the plaintiff was created a corporation,

[Franks Oil Co. v. McCleary.]

nor in any by-law of the company, or the precedent association out of which it was created, brought to our notice, which makes it an incident of receiving a transfer of assessable stock, that the holder thereof becomes personally liable to pay the assessments which may be made by the company. The cases of The Canal Co. v. Sansom, 1 Binn. 70, and Palmer v. The Ridge Mining Co., 10 Casey 288, show that this is not the case; that no implication of a personal promise arises therefrom. In those cases, as well as that in hand, the company could only indemnify itself by a sale of the stock, and pursuit of the original contractor with the company for the stock. If a company wish for more than this security, it ought to provide for it in the act of incorporation, or, perhaps, in the certificate itself. The defendant in this case received a transfer of the shares in question from the original subscriber to the association, and transferred them before the company was incorporated. It is not necessary to consider whether this would have any effect in the case; certainly it would not aid the company, nor does it hurt the defendant. Treating the case as if the company were incorporated at the time of defendant's transfer, and it can ask no more, our judgment is, that no action lies against the defendant personally for the unpaid assessments called. Nor is it to be inferred from his voluntary payment of one assessment. The company was not injured, or he estopped by that. The case of The Merrimac Mining Co. v. Levy, 4 P. F. Smith 227, is not in conflict with these views. We decided that case on a Michigan charter, and considered ourselves bound by the decisions of their Supreme Court, otherwise as we said, "some stockholders will be bound to pay instalments called, and others, standing in the same position, will not;" dependent on the forum administering the law in or out of the state.

We consider it unnecessary to examine the authorities referred to, in this respect, on both sides of the able arguments in this case, for we have the rule, which must govern us in our own cases, cited above. Seeing no error in the rulings of the learned judge complained of, we must affirm the judgment.

Judgment affirmed.